## JOHN A. ROY v. JOHANN WILHELM DANNEHR AND ANOTHER.[1]

June 8, 1917.

Nos. 20,443—(160).

**Judgment notwithstanding verdict.**

Action in ejectment and for damages for malicious trespass. Verdict for plaintiff. Defendants moved for judgment notwithstanding the verdict. There being no evidence that either defendant claimed any interest in the land described or ever trespassed thereon, plaintiff cannot recover and defendants are entitled to judgment *non obstante*. [Reporter.]

After the former appeal, reported in 124 Minn. 233, 144 N. W. 758, the case was tried before Dickinson, J., and a jury which returned a verdict in favor of plaintiff for $75. Plaintiff's motion for a new trial on the single question of the true boundary line was denied. From an order denying their motion for judgment notwithstanding the verdict or for a new trial on the question of adverse possession and damages only, defendants appealed. Reversed and remanded.

*Latham & Pidgeon*, for appellants.

*F. H. Castner*, for respondent.

PER CURIAM.

Action in ejectment and for damages for malicious trespass. Plaintiff had a verdict, and from an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed.

It is undisputed that plaintiff is the owner and in peaceable possession of the north half of the southeast quarter of section 6 described in the complaint, excepting 5 acres in the northwest corner thereof, and that the defendant, Johann Wilhelm Dannehr, is the owner and in possession of the north half of the southwest quarter of the same section.

This case was once before tried upon the original complaint and upon

[1]Reported in 162 N. W. 1050.

appeal determined adversely to plaintiff by this court. 124 Minn. 233, 144 N. W. 758.

In his amended complaint the plaintiff now alleges, in effect, that for more than 16 years immediately preceding May 15, 1911, his land above described was inclosed with a fence extending upon and along the north, south and west boundary lines thereof; that on that day the defendant wrongfully and maliciously broke said fence and entered upon plaintiff's land, and built and erected another fence commencing at a point about 25 feet east of the southwest corner of plaintiff's said land and running thence northerly to a point 52.1 feet east of the northwest corner of said land and unlawfully and maliciously ousted and ejected plaintiff from all that tract of land lying and being between the west boundary line of said north half of the southeast quarter of said section 6 and said new fence, and that, between the said fifteenth day of May and the commencement of this action, defendants entered upon that part of plaintiff's said land lying east of the west boundary of the north half of the southeast quarter of said section 6 and said new fence, and maliciously cut and removed certain grass and trees growing thereon.

A careful reading of the description of the tract described in the complaint will disclose that it lies wholly within the north half of the southeast quarter of section 6, and to the east of the new fence built by defendant in May, 1911. The plaintiff's expert witness who surveyed the section gave testimony upon the trial that the new fence was upon the north and south quarter line of the section. This testimony was not disputed. There is no testimony to show, nor is it claimed that defendants, or either of them, ever entered upon the land east of this fence. The testimony conclusively shows that plaintiff did not have any fence upon the west boundary of his land as alleged in the complaint. In an action of this character the complaint should contain a description of the premises sufficiently definite so that the land may be located and a proper judgment entered. There was no attempt to describe in the complaint any land lying to the west of the north and south quarter line.

Defendant throughout the trial objected to the reception of any testimony bearing upon the question of adverse possession, upon the ground that the same was not admissible under the pleadings, contending that the only question in the case was that of the true location of the north and south quarter line. It may be here remarked that if the pleadings were sufficient to admit of proof of adverse possession, still the testimony in no way connects Mrs. Dannehr with the trespass. There being no testimony in the record tending to show that the defendants, or either of them, claimed any interest in the land described in the complaint or ever trespassed thereon, as alleged in the complaint, plaintiff is not entitled to recover but defendants are entitled to judgment notwithstanding the verdict.

Reversed and remanded accordingly.